# ENGELHARDT | LAW

**David Engelhardt**
(917) 336-9800

USDC SDNY
DOC #: _____
DATE FILED: 8/17/2022

Date: August 5, 2020

**VIA ECF**

Honorable Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 24A
New York, NY 10007

RE: *Aniades v. New York Post et al.* No. 1:21-cv-05975-CM

Dear Judge McMahon:

**MEMO ENDORSED**

On July 28, 2022, you granted my client's Letter Motion for Extension as related to enlargement of time for service.

All parties have been served (Exhibit A) with the exception of the New York State Division of Parole (i.e. DOCCS). We attempted service on the New York State Division of Parole on August 2, 2022. Their representative at 1220 Washington Avenue in Albany, New York informed our server that they would not accept service under the caption, but rather they would accept the caption "Board of Parole" or "Department of Corrections." (Exhibit B). When I called and spoke with counsel's office for the Board of Parole, the representative said she was aware of the case and that they would not accept service unless the caption was changed to "Board of Parole" or DOCCS. The Division of Parole, Board of Parole, and Department of Corrections and Community Supervision ("DOCCS") all have an address of 1220 Washington Avenue in Albany, New York.[1]

The DOCCS website states that the Division of Parole and the Department of Corrections merged, including the Board of Parole.[2] "In 2011, the New York State Department of Correctional Services and the New York State Division of Parole merged to become DOCCS."

---

[1] DOCC's Website, Office of Counsel, Overview, Contact, available at https://doccs.ny.gov/office-counsel, last visited August 5, 2022 ("Deputy Commissioner and Counsel, Department of Corrections and Community Supervision, The Harriman State Campus, 1220 Washington Avenue, Building 9, Albany, NY 12226….").

[2] New York State Department of Correction Website, History of Parole, available at https://doccs.ny.gov/about-board, last visited August 5, 2022 ("the New York State Department of Corrections and the New York State Division of Parole merged to form a new agency, the New York State Department of Corrections and Community Supervision (DOCCS). As a result of this merger, the New York State Board of Parole is now part of DOCCS….").



[Handwritten memo endorsement by Judge McMahon, dated 8/15/22, discussing service on the State of New York, the caption, and that the court cannot refuse service; signed Colleen McMahon, USDJ.]

*See Warren v. Pataki*, 823 F.3d 125, 133-34 n.4 (2d Cir. 2016). But, the DOCCS website still references the New York State Division of Parole as a synonymous moniker. See, the "*Division of Parole* Rules and Regulations On the Web" (emphasis added), as hosted by the Department of Correction's current website. (Exhibit C). Even federal judges of the southern district have used the synonymous term in orders. "Petitioner, currently in the custody of the **New York State Division of Parole**, brings this *pro se* action…." *Bates v. Parole*, 20-CV-6818 (LLS), at *1 (S.D.N.Y. Oct. 23, 2020) (emphasis added); "according to public records of the **New York State Division of Parole** (DOP), Plaintiff's parole officer is Parole Officer L. Esteves" *Avent v. Estervez*, 20-CV-1197 (ALC), at *2 (S.D.N.Y. Oct. 16, 2020).

The Southern District has intimated that both DOCCS and the Division of Parole stand in the same position as the State of New York. *See Warren v. Pataki*, 823 F.3d 125, 133-34 n.4 (2d Cir. 2016) ("In 2011, the New York State Department of Correctional Services and the New York State Division of Parole merged to become DOCCS."). **All these entities stand as arms of the State of New York, therefore, service should have been accepted.** *See Morgan v. N.Y. State Dep't of Corr. & Cmty. Servs.*, No. 19-CV-4121, 2019 WL 5552349, at *2 (S.D.N.Y. Oct. 28, 2019) ("DOCCS, as an arm of the state, stands in the same position as the State of New York.") (internal quotation marks and citations omitted). *Jones v. Bishop*, 981 F. Supp. 290, 295 (S.D.N.Y. 1997) ("Sing Sing, as a part of DOCS, a state agency, is considered an arm of the state and stands in the same position as the State.").

Accordingly, I request that your Honor: (a) grant a motion to compel acceptance of the Complaint by DOCCS under the current caption, and further enlarge the service of process time for an additional 10 days (until August 15, 2022) for such re-service of the Complaint; or (b) allow for a motion to amend the caption and the Complaint only to the extent of changing the name of the "Division of Parole" to the "Department of Corrections and Community Service" and further enlarge the service of process time for an additional 10 days (until August 15, 2022) for such amendment and re-service of the Complaint.

**Specific Answers to Individual Practices and Procedures Chief Judge Colleen McMahon I(D)(2).**

The original deadline that the party wishes to adjourn or extend: **October 11, 2021**

The number of previous requests for adjournment or extension: **Two**

Whether these previous requests were granted or denied: **Granted**

Whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent: **N/A**

Whether the requested adjournment or extension affects any other scheduled dates: **N/A**

Respectfully Submitted,

David Engelhardt, Esq.
David@engelhardtlaw.co
Engelhardt Law
50 Pine Street #7S
New York NY 10005
*Attorney for Plaintiff*